**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CA 08 114 ML

| | | |
|---|---|---|
| **TERRY STANCIL** | : | |
| | : | |
| ***Plaintiff,*** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. ____________** |
| | : | |
| **WOLVERINE JOINING TECHNOLOGIES LLC, a/k/a WJT, LLC, WOLVERINE JOINING TECHNOLOGIES INC., and KEVIN QUINN, Alias, Individually and in his capacity as Manager** | : | |
| | : | |
| ***Defendants.*** | : | |

## NOTICE OF REMOVAL

COME NOW Defendants Wolverine Joining Technologies LLC, a/k/a WJT, LLC, and Wolverine Joining Technologies Inc.,[1] (hereinafter collectively referred to as "Defendant Wolverine") and Kevin Quinn (hereinafter "Defendant Quinn") (hereinafter collectively referred to as "Defendants") by and through undersigned counsel, and hereby file this their Notice of Removal of this action. Defendants state the following in support of their Notice of Removal:

1. Defendant Wolverine desires to exercise its rights pursuant to 28 U.S.C. § 1441 *et. seq.* to remove this action from the Rhode Island Superior Court, Judicial District of Providence County, where it is now pending, to the United States District Court for the District of Rhode Island.

---

[1] As is a matter of public record, Wolverine Joining Technologies, Inc., a Delaware corporation at the time of its existence, was merged into Wolverine Joining Technologies, LLC effective October 1, 2002. Wolverine Joining Technologies, LLC is the surviving business entity following the merger. Wolverine Joining Technologies, Inc. is the non-survivor which ceased to exist effective October 1, 2002.

2. On March 29, 2007, Plaintiff Terry Stancil commenced an action against Defendants entitled *Terry Stancil v. Wolverine Joining Technologies LLC, a/k/a WJT, LLC, Wolverine Joining Technologies Inc., and Kevin Quinn, Alias, Individually and in his capacity as Manager*, Case No. PC2007-1822, in the State of Rhode Island Superior Court, Judicial District of Providence County. In her Complaint, Plaintiff asserted claims allegedly arising out of her employment with Defendant Wolverine, but did not assert the amount of damages to which she claimed to be entitled in connection therewith.

3. On April 12, 2007, Defendant Wolverine was served with a copy of the Summons and Complaint through its registered agent. On May 17, 2007, Defendant Quinn was served with a copy of the Summons and Complaint via United States Mail.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and this action is now one that may be removed to this Court by Petitioners, Defendants herein, pursuant to the provisions of 28 U.S.C. § 1441 *et seq.*, in that it is a civil action wherein the matter in controversy is exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. The amount sought by Plaintiff for alleged damages in this action exceeds the sum of $75,000.00. Defendants were not able to ascertain this information until Plaintiff first provided her Supplemental Interrogatory Answers to Defendants on March 18, 2008, which established that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. (*See* Plaintiff's Supplemental Interrogatory Answers to Defendants, Interrogatory No. 11, attached hereto and marked as Exhibit 1).

6. This action is between citizens of different states.[2] Wolverine Joining Technologies, LLC is a limited liability company whose sole member was, at the time this action was commenced, and is Wolverine Tube, Inc. Wolverine Tube, Inc. was, at the time this action was commenced, and is incorporated in the State of Delaware and its principal place of business was and is Huntsville, Alabama. Thus, Defendant Wolverine was, at the time this action was commenced, and is a citizen of the States of Delaware and Alabama. *See, Pramco LLC ex rel. CFSC Consortium LLC v. San Juan Bay Marina Inc.,* 435 F.3d 51, 54-55 (1st Cir. 2006) (Finding that for purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members); *see also, Preferred Merchant Hood, LLC v. Family Dollar, Inc.,* No. Civ. 06-CV-067-JD (D. N.H. April 25, 2006) 2006 WL 1134915 * 1. Defendant Quinn was, at the time this action was commenced, and is a citizen of the State of Massachusetts. Plaintiff was, at the time this action was commenced, and is a citizen of the State of Rhode Island. [3]

7. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after receipt by Defendants of the information through which they were able to ascertain that the action is one which has become removable pursuant to 28 U.S.C. § 1332 and is filed within one (1) year of the commencement of the action.

8. For the foregoing reasons and premises, Defendants desire and are entitled to have this cause removed from the Rhode Island Superior Court, Judicial District of Providence County,

---

[2] As was stated previously, Wolverine Joining Technologies, Inc. was merged into Wolverine Joining Technologies, LLC effective October 1, 2002, and Wolverine Joining Technologies, LLC remains as the surviving business entity. As of October 1, 2002, Wolverine Joining Technologies, Inc. ceased to exist, thus the "citizenship" is that of the surviving business entity Wolverine Joining Technologies, LLC.

[3] Upon information and belief, Plaintiff may have moved to the State of North Carolina. However, assuming *arguendo* that Plaintiff is now a citizen of the State of North Carolina, the citizenship of the parties remains diverse.

where it is now pending, to the United States District Court for the District of Rhode Island, such being the federal district where said suit is pending.

9. Pursuant to 28 U.S.C. § 1446(a), Defendant Wolverine attaches herewith and incorporate by reference copies of the following process, pleadings and orders served upon Defendants in this action:

a. Copy of Summons and Complaint filed in the State of Rhode Island Superior Court, and served upon Defendant Wolverine, marked as Exhibit 2;

b. Copy of Summons and Complaint filed in the State of Rhode Island Superior Court, and served upon Defendant Quinn, marked as Exhibit 3;

c. Order from United States District Court, District of Rhode Island dated May 10, 2007, marked as Exhibit 4;[4]

d. Plaintiff's Objection to Defendant Wolverine's Petition of Removal to Federal Court dated May 11, 2007, marked as Exhibit 5;

e. Order Granting Plaintiff's Motion for Remand dated July 13, 2007, marked as Exhibit 6.

10. Notice of Removal has been served upon Plaintiff by mail and a Notice of Filing Notice of Removal is being promptly filed with the Clerk of the Court for the State of Rhode Island, pursuant to 28 U.S.C. § 1446(d).

[4] On May 2, 2007, Defendant Wolverine filed a Notice and Petition of Removal to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1331 on the basis that Plaintiff had asserted a claim governed by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §§ 1001 *et seq.* Plaintiff objected thereto and after hearing oral argument, the Court determined that Plaintiff had not intended to assert an ERISA claim. Thus, the Court remanded the case to the jurisdiction of the Rhode Island State Court.

**CERTIFICATION OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document entitled **NOTICE OF REMOVAL** has been placed in the United States mail, sufficient first class postage prepaid and affixed thereto and addressed as follows:

Bruce P. Gladstein, Esq.
750 East Avenue
Pawtucket, RI 02860

This 27th day of March, 2008.

Cynthia Lomas

880443v1 (56293/132733)

11. By filing this Notice of Removal, Defendants have not and do not waive any defenses they might assert or their right to bring any application anywhere in relation to this litigation or its subject matter.

WHEREFORE, Defendants pray that this action be removed to this Court and this Court accept jurisdiction of this action in its entirety and henceforth that this action be placed on the docket of the Court for further proceedings, the same as though this action originally had been instituted in this Court.

Respectfully submitted this 27th day of March, 2008.

Joseph D. Whelan, Esq. (#5694)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903-2319
(401) 274-2000
(401) 277-9600 (facsimile)
E-mail: jwhelen@haslaw.com

-and-

**MARTENSON, HASBROUCK & SIMON LLP**
Marty N. Martenson, Esq.
Georgia Bar No. 471100
Patricia E. Simon, Esq.
Georgia Bar No. 618233
Suzanne E. Deddish, Esq.
Georgia Bar No. 215645
3379 Peachtree Road, N.E.
Suite 400
Atlanta, Georgia 30326
(404)-909-8100
(404)-909-8120 (facsimile)
E-mails: mnmartenson@martensonlaw.com
pesimon@martensonlaw.com
sededdish@martensonlaw.com

***Attorneys for Defendants***