STATE OF RHODE ISLAND
PROVIDENCE RI

SUPERIOR COURT

TERRY STANCIL,
*Plaintiff*

vs.

C.A. No.: 07-1822

WOLVERINE JOINING TECHNOLOGIES LLC a/k/a WJT,LLC,WOLVERING JOINING TECHNOLOGIES INC., and KEVIN QUINN Alias, Individually and in his capacity as Manager,
*Defendants*

**PLAINTIFF'S UPPLEMEMNTAL INTERROGATORY ANSWERS TO DEFENDANTS**

2. State whether you your attorneys (past or Present), or any individual working on your behalf have interviewed and/or obtained any statement from any individuals concerning the circumstances that constitute the basis of your complaint or any facts, assertions, or claims set forth in your Complaint and identify the names of each such person from whom any such statements were taken, the date upon which such statement was taken, the names of all persons having custody of such statements, and whether such statements were written or oral.

**Response:** I have gone to several attorneys Edward Formisano Esq. was the first counsel, then I spoke with Robert Goldberg Esq. for a second opinion, I then went to Lynette Labinger Esq., then I went to Bruce Gladstein Esq.

1. **Supplemental Response:** None.

2. Identify all lay (non-expert) witnesses whom you contend have knowledge of the allegations contained in your Complaint and/or whom you will call or may call to testify at trial. Include a description of the issues and facts to each witness's testimony will relate.

**Response:** There are no experts at this time once an expert is determined I Will supplement the information to your office.

**Supplemental Response:**

Dave Jordan - knows about all of the harassment Kevin Quinn put me through; was present at the senior staff off site meeting with Psychologist David Whitneck; knows

about harassment of other female employees by Kevin Quinn

Steve Ludwig - was present at some incidents.

Paul Gagnon - was present at some incidents.

Kevin O'Flanagan - overheard Quinn yelling at me in my office, and may have been present at some indents.

John Sands - was witness to some events; spoke with Kevin Quinn about me.

Timothy Mallon –knew of the picture of the sexual drawings and comments on the bathroom wall; spoke with me about harassment.

Erin McKennon - was present at some incidents; heard a lot of Kevin Quinn's ranting behavior to me.

Robert Andrews - was present during a lot of sarcastic comments Quinn would say to me or treat me in an intimidating manor; saw the comments of sexual drawings and comments on the bathroom wall in the men's room.

Judith Schnieder - complained many times to her about the horrific treatment I was receiving; knows that company rarely make women managers.

Teri Holland - complained to her many times about the horrific treatment I was receiving.

Jim Neil - knew of the e-mails; knew what was going on.

Michelle Benevides - overheard Kevin Quinn treating me horribly.

Gary Farias - Was present at some of the terrible behavior in how Kevin Quinn spoke down to me; given the position I had been working for.

Dan O'Neil - Kevin Quinn told him not to give me messages in that Kevin would give me the message but never did; aware of how poorly Kevin Quinn treated me.

John Brown - saw the men's bathroom that had the sexual comments and drawings.

Cheryl Keniston - knew about how much difficulty I had with Kevin Quinn.

Elaine Basque - overheard a lot of the screaming incidents of Kevin Quinn yelling at me.

David Whitneck - psychologist who analyzed senior staff was present at the time when Dave Jordan made the comment at the offsite meeting in front of all sr staff members to Kevin Quinn that Kevin Quinn had a problem with me, Jacqueline Hopkins and Trisha Rammel because we were women and woman in high positions.

Jacqueline Hopkins - witness to how Kevin Quinn treated women.

Pretty much all of Kevin's subordinates (supervisors) and everyone in the company knew how poorly Kevin treated me.

11. State with particularity all damages you claim to have sustained and for which you seek recovery. In answering this interrogatory, state the amount of damages claimed with respect to each such category or type of damages (e.g., amount for lost wages, fringe benefits, retirement pay, retirement savings, profit sharing, compensatory damages for "humiliation, mental anguish, and emotional distress, punitive damages, costs and attorney's fees, etc.) and describe the computations used in used in arriving at the amount claimed with respect to each such category or type of damages and the facts relied upon to support each such category or type of damages.

**Response:** I am discussing this amount with my attorney. Once we have determined the required response, I will supplement it.

**Supplemental Response:**
$196,064 loss of salary with 3%raises included (4 years not including future)
$60,000 loss of benefits (4 years not including future)
$19,606 loss of bonuses (bonuses I should of received but never did not including future)
$3,000,000 compensatory damages (embarrassment, humiliation, psychological damage (see medical records); permanent damage of memories of humiliation, mental abuse, verbal abuse I received; difficulty in finding future employment; night mares; insomnia)
$6,000,000 punitive damages (company never did anything about the harassment I received, even though they knew what was going on; company let the harassment continue to the point I suffered psychological damages)
$15,000.00-19,000.00 attorney fees I paid to Attorney Lynnette Labinger
costs unknown at this time
attorney fees to Attorney Bruce Gladstein unknown at this time
statutory interest unknown at this time

17. Identify any and all notes, memoranda, or other relevant documents created by you or anyone on your behalf from January 1, 2001, to the present relating to you employment with Defendant Wolverine and/or the claims contained in your Complaint.

**Response**: Plaintiff objects to this interrogatory on the grounds it is vague, ambiguous, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

**Supplemental Response;** In that the question was changed to documents that relate to employment <u>and</u> the claims, see my responses to your Request for Production.

19. **Describe the medical treatment you received and list the medical drugs and/or prescription drugs you have taken for alleged humiliation, mental anguish, emotion and physical distress, and /or related conditions, including the dates of such treatment and /or use.**

**Response:** Plaintiff objects to this interrogatory on the grounds it is vague, ambiguous, overly broad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Also, Defendants need to be more specific in terms of time frame. In addition, Defendants would need to address Plaintiff's doctor to determine specifically which medical drugs and/or prescription drugs would be for which condition.

**Supplemental Response:** I am unsure of the medication or the treatment provided by each doctor over the years; Doctors I have seen

Dr. John Soloman - (401) 334-3331 3 wake Robin Lane - my primary care physician referred me to
Dr. Schneider - (401) 334-1132 3 Wake Robin Lane ( located in my doctors office)referred me to
Dr. Fitzhugh - (401) 334-1830 psychiatrist - referred me counseling in his office by Dr. Dave
Dr. Dave - (401) 334-1830 counselor
Maggie Yonkov, MS - (252) 756-3433 - NC counselor - counseled with a couple of years ago for a few months or less, will be starting counseling again with her.

There was also a Helen Whitely that I saw from Georgia, I only saw her a couple of times. She can be located on the internet. I think I have a number at home if you need it. Please let me know.

Hospitals:
RI Hospital Psychiatric (Jane Brown Ward)
Memorial Hospital - transferred to either St. Josephs or Butler
Fatima Hospital - transferred to St. Joseph's
St. Josephs Hospital - Psychiatric Unit
Butler Hospital - Psychiatric Unit

State of North Carolina
County of Pitt

TERRY STANCIL

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to me this 24th day of March, 2008.

ALAN W RIGGS NOTARY PUBLIC PITT COUNTY, NC

NOTARY PUBLIC
My Commission Expires:
3/3/15

As to Objections:

Bruce P. Gladstein Esq. (#5272)

## CERTIFICATION

I hereby certify that on the 26 day of March 2008, I mailed a true copy of the within, by regular mail, postage prepaid, to:

Joseph D. Whelan, Esq.
Hinckley Allen & Snyder
50 Kennedy Plaza, Suite 1500
Providence RI 02903

Suzanne E. Deddish
Martenson, Hasbrouck & Simon LLP
3379 Peachtree Road, NE, Suite 400
Atlanta, Georgia 30326