# State of Rhode Island and Providence Plantations
## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION FILE No.07-

TERRY STANCIL
Plaintiff

WOLVERINE JOINING TECHNOLOGIES LLC a/k/a WJT, WOLVERINE JOINING TECHNOLOGIES INC.; and KEVIN QUINN, Alias Individually and in his capacity as Manager
Defendant

*Summons*

*To the above-named Defendant.*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon Bruce P. Gladstein Esq. Plaintiff's attorney, whose address is 750 East Aveneue Pawtucket RI 02860 (401) 722-9900 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Wolverine Technologies

Dated:

(Seal of the Superior Court)

A true copy attest

2070

Date 4/18/07

S- 135 (REV 10/00)

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

TERRY STANCIL
*Plaintiff*

v. : C.A. NO.: 07-

WOLVERINE JOINING TECHNOLOGIES LLC, a/k/a WJT, LLC WOLVERINE JOINING TECHNOLOGIES INC., and KEVIN QUINN, Alias, Individually and in his capacity as Manager:
*Defendants*

## VERIFIED COMPLAINT

## FACTUAL BACKGROUND

1.Plaintiff, TERRY STANCIL ("Stancil"), is a resident of the City of Pawtucket County of Providence, State of Rhode Island.

2.Defendant, WOLVERINE JOINING TECHNOLOGIES aka WJT, LLC., WOLVERINE JOINING TECHNOLOGIES INC. ("Wolverine"), is a corporation authorized to do business in the City of Warwick in the State of Rhode Island.

3.Defendant, KEVIN QUINN, Alias ("Quinn"), is a former Operations Manager for Wolverine.

4.Stancil is a Female and therefore part of a protected class.

5.On or about December 1, 2001, Stancil was hired by Wolverine as Human Resources Administrator.

6.Quinn began asking Stancil personal things about her where she lived, in and effort to get him to stop asking questions regarding her personal life, Stancil reluctantly disclosed that she had been the victim of a stalking crime and a death threat.

7.Quinn continued to ask and offer unsolicited comments about Stancil personal life.

8.Stancil reported Quinn's behavior toward her to her supervisors Dave Jordan and Tim Mallon.

9.In the winter of 2002-2003, Quinn remarked to Stancil that there were written comments on the Men's bathroom wall about her.

10.Quinn stated to Stancil that it was "nothing bad".

11.Stancil requested to Quinn that the bathroom walls be repainted.

12.Several weeks later Stancil was advised that written comments were still there. Stancil and a manager escort entered the bathroom in question and discovered derogatory and sexually explicit comments about Stancil referring to how she obtained her position with Wolverine.

13.Stancil reported to her supervisors Dave Jordan and Tim Mallon and they agreed that bathroom be repainted. Quinn said that repainting the bathroom would only encourage men to write more things about Stancil.

14.After the wall in the bathroom were repainted Quinn approached Stancil and told her that more comments were written on the walls about her, and saying "see I told you so".

15.In December of 2003, Quinn and Stancil were discussing an employee under his supervision when he began to scream and yell at Stancil, leaving Stancil distraught and stunned at his behavior.

16.Stancil reported this to her supervisor Dave Jordan who discussed the events with Stancil and acknowledged that Quinn was abusive toward employees. It was also noted that Quinn targeted Stancil because of her role in the termination of an employee who was Quinn's friend.

17.The following day, Quinn met with Dave Jordan regarding the treatment of Stancil.

18.During said meeting Quinn demanded that Jordan fire Stancil, Jordan refused to fire Stencil.

19.Stancil presented a complaint about a hostile and abusive work environment caused by Quinn and requested that it be corrected.

20.Wolverine did not respond to her request to correct the hostile and abusive environment caused by Quinn.

21.Stancil applied for another Human Resources position at Wolverine corporate headquarters in Alabama. During said application process it was noted that Stancil was looking to move from Warwick office to get way from Quinn.

22.Stancil was not selected for said position.

23.Stancil's ability to perform her job duties was compromised by the treatment of Quinn.

24.Due to the stress of the hostile work environment Stancil was told to take sick leave by her physician on November 29, 2004.

25.Stancil was terminated on May 27, 2005.

26.On or about June 1 2005, Stancil contacted Rhode Island Human Rights Commission and subsequently file discrimination charges.

27.Stancil has complied with administrative requirements and was issued a Notice of Right to Sue dated February 13, 2007, and has timely commenced suit thereon.

28.The monetary amount claimed for damages are sufficient to establish jurisdiction with this Honorable Court.

## COUNT I
## RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT

29.Paragraphs 1 through 28 are hereby incorporated by reference as if fully set forth herein.

30.Upon information and belief, Wolverine and Quinn, are subject to the requirements contained within the meaning of R.I.G.L. 28-5-6(6)(I) of the Rhode Island Fair Employment Practices Act.

31.The actions of Wolverine and Quinn, individually and collectively as aforesaid, constitute discrimination against Stancil in employment on the basis of sex in violation of Rhode Island Fair Employment Practices Act of the State of Rhode Island, R.I.G.L. 28-5-7, *et. seq.*

32.That Stancil is entitled to punitive damages and reasonable attorney's fees as per the statute.

## COUNT II
## RHODE ISLAND CIVIL RIGHTS ACT

33.Paragraphs 29 through 32 are hereby incorporated by reference as if fully set forth herein.

34.Upon information and belief, Wolverine and Quinn are subject to the requirements contained within the Rhode Island Civil Rights Act, R.I.G.L. 42-112-1, *et. seq.*

35.The actions of Wolverine and Quinn, individually and collectively as aforesaid, have denied Stancil the same rights to make and enforce contracts on the basis of her sex within the meaning of and in violation of the Rhode Island Civil Rights Act, R.I.G.L. 42-112-1, *et. seq.*

36.That Stancil is entitled to punitive damages and reasonable attorney's fees as per the statute.

## COUNT III
## VICARIOUS LIABILITY/ RESPONDENT SUPERIOR

37.Paragraphs 33 through 36 are hereby incorporated by reference as if fully set forth herein.

38.During the aforementioned dates, Quinn, was an employee of Wolverine

39.Quinn, was an employee of Wolverine and therefore Wolverine is responsible for his actions on the principle of vicarious liability and respondent superior.

40.The actions and statements of Quinn were malicious and therefore punitive damages are warranted.

## COUNT IV
## NEGLIGENCE

41.Paragraphs 37 through 40 are hereby incorporated by reference as if fully set forth herein.

42.Quinn was an Operations Manager at Wolverine.

43.Proper procedures were either not in place or not followed by Wolverine to prevent abusive treatment.

44.Proper procedures were either not in place or not followed by Wolverine in regards to harassment.

45.Said procedure not being in place or not being followed amounts to negligence on the part of Wolverine.

46.Stancil was damaged due to said negligence.

## COUNT V
## INFLICTION OF EMOTIONAL DISTRESS

47.Paragraphs 41 through 46 are hereby incorporated by reference as if fully set forth herein.

48.Because of the wrongful acts of each Defendant, individually and together, as described previously, which are incorporated by reference, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress.

49.Such actions and statements were made with knowledge that Plaintiff would become emotionally and physically distressed and with the intent to harass, disturb and annoy

Plaintiff.

50.Such actions and statements were made with a wanton and reckless disregard of the consequences to Plaintiff

51.As a proximate result of said actions and statements, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress.

52.Said statements and described acts were performed willfully, wantonly, maliciously, and aggressively, and therefore punitive damages are justified.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Declare that the Defendants unlawfully discriminated against Plaintiff on the basis of her sex in violation of R.I.G.L. 28-5-7, et seq. and R.I.G.L. 42-112-1, et seq.;

b. Rule for Plaintiff and against Defendants as to all other counts set forth in this Verified Complaint;

c Order that Defendants pay Plaintiff her lost wages, including incremental increases and fringe benefits, that Plaintiff would have received had she been continuously employed as a Human Resources Supervisor from May 27, 2005, including loss of retirement pay, retirement savings, and profit sharing, she suffered as a result of discrimination;

c. Award Plaintiff compensatory damages as allowed by law and statute;

d. Award Plaintiff punitive damages as allowed by law and statute;

f. Award Plaintiff reasonable attorneys' fees as allowed by law and statute;

g. Award Plaintiff costs of suit as allowed by law and statute; and

h. Award such other and further relief as this Honorable Court deems necessary and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

BRUCE P. GLADSTEIN, ESQ. (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900 telephone
(401) 722-9919 fax

## VERIFICATION

I, Terry Stancil, being duly sworn, depose and state that I have read the within Verified Complaint and believe the allegations stated therein to be true and correct to the best of my knowledge and belief.

TERRY STANCIL

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me in Pawtucket, this 29 day of March, 2007.

Deborah Ann Bradford
NOTARY PUBLIC
My Commission Expires: 2-11-09

Date Complaint Filed with Clerk: ______________________