UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TERRY STANCIL :
*Plaintiff* :
:
v. : C.A. NO.: 1:07cv153
:
WOLVERINE JOINING TECHNOLOGIES LLC, :
a/k/a WJT, LLC WOLVERINE JOINING :
TECHNOLOGIES INC., and KEVIN QUINN, :
Alias, Individually and in his capacity as Manager:
*Defendants*

**PLAINTIFF'S OBJECTION TO DEFENDANT, WOLVERINE JOINING TECHNOLOGIES LLC, a/k/a WJT, LLC WOLVERINE JOINING TECHNOLOGIES INC.'S. PETITION OF REMOVAL TO FEDERAL COURT**

Now comes the Plaintiff in the above-entitled action and objects to the Defendant, WOLVERINE JOINING TECHNOLOGIES LLC, a/k/a WJT, LLC WOLVERINE JOINING TECHNOLOGIES INC.'s ("Wolverine") Petition of Removal to Federal Court. Plaintiff states the following in support of her Objection.

Wolverine bases it Petition of Removal on a "claim for "loss of retirement pay, retirement savings, and profit sharing" which are benefits governed by the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. sections 1001 *et. seq.*" Point number 4 of Wolverine's Petition of Removal. However, Wolverine, in its zeal of removing this matter from State Court, has failed to relate to this Court, that there is no claim under ERISA. Loss of retirement pay, retirement savings, and profit sharing were damages Plaintiff suffered as a result of her claim of discrimination against Wolverine. ERISA claims are removal when the claim is based on retirement pay and/or retirement savings, not when the loss of retirement pay and/or retirement savings is an

aspect of damages.

Section 1331 of the Federal Rules of Civil Procedure states "The district courts shall have original jurisdiction of civil actions arising under the Constitution, laws, or treaties of the Unites States." A request for damages is not a civil action arising under the laws of the United States. In the case at hand, there will be no interpretation of ERISA. The only question regarding loss of retirement pay, retirement savings, and profit sharing is whether this was a benefit provided to other employees of Wolverine. If this Court was to allow Wolverine to remove this matter due to a question of damages, every Defendant would remove lawsuits when ever a person was terminated and damages included retirement pay and/or retirement savings. This would flood the Federal Courts with every type of discrimination claim and breach of employment contract claim whereby the Plaintiff suffered damages of retirement pay and/or retirement savings. This would even be true whereby a Plaintiff was bringing a personal injury claim and as part of their claim sought damages for loss of retirement pay and/or retirement savings. Any civil action requesting damages that had any aspect of Federal law overlap would be petitioned for removal from State Court. This would unduly delay and perhaps prejudice rightfully removed civil actions with claims that did arise under Federal law and needed Federal Court interpretation. This case is strictly a claim for discrimination that arises under Rhode Island State law.

**WHEREFORE,** Plaintiff prays that this Court deny the Defendant's Petition to Remove and remand this case back to State Court.

Plaintiff,
By her attorney,

Bruce P. Gladstein
BRUCE P. GLADSTEIN, ESQ. (#5272)
750 EAST AVENUE
PAWTUCKET, RI 02860
(401) 722-9900

**CERTIFICATION**

I hereby certify that on the _11____ day of __May___, 2007. I mailed a true copy of the within, postage prepaid to Attorney Joseph D. Whelan, Hinckley Allen &Snyder LLP, 50 Kennedy Plaza, Suite1500, Providence RI 02903-2319, Attorney Patricia E. Simon and Suzanne E,. Deddish, Esq., Martenson. Hasbrouck & Simon, 3379 Peachtree Road, N.E., Suite 400 Atlanta Georgia, 30326.

_____Karen Hooks____