**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **TERRY STANCIL** | : | |
| | : | |
| ***Plaintiff,*** | : | |
| | : | |
| **v.** | : | **C.A. NO.: 1:08-CV-00114-ML-DLM** |
| | : | |
| **WOLVERINE JOINING TECHNOLOGIES LLC, a/k/a WJT, LLC, WOLVERINE JOINING TECHNOLOGIES INC., and KEVIN QUINN, Alias, Individually and in his capacity as Manager** | : | |
| | : | |
| ***Defendants.*** | : | |

**DEFENDANTS' OBJECTION/RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH SUBPOENAS**

Defendants Wolverine Joining Technologies LLC, a/k/a WJT, LLC, Wolverine Joining Technologies Inc. and Kevin Quinn, (hereinafter "Defendant Wolverine" and "Defendant Quinn," respectively and collectively referred to as "Defendants"), submit this Objection/Response in Opposition to Plaintiff's Motion to Quash Subpoenas.

## I. INTRODUCTION AND BACKGROUND

On April 12, 2007, Plaintiff Terry Stancil ("Plaintiff") commenced an action against Defendant Wolverine and Defendant Quinn in the State of Rhode Island Superior Court, Judicial District of Providence County. In her Complaint, Plaintiff asserts claims arising out of her employment with Defendant Wolverine for gender discrimination and/or harassment pursuant to the Rhode Island Fair Employment Practices Act and the Rhode Island Civil Rights Act, vicarious liability/respondeat superior, negligence, and infliction of emotional distress. (*See* Docket Nos. 1 and 2). On March 27, 2008, the case was removed to federal court by Defendants. (*See* Docket No. 1).

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, on June 18, 2008, Defendants issued subpoenas *duces tecum* to ten (10) entities, including five (5) of Plaintiff's former employers which had been identified by Plaintiff in connection with her application for employment with Wolverine, as well as in her Response to Defendant Wolverine's First Set of Interrogatories to Plaintiff. The five (5) former employers of Plaintiff which were issued subpoenas for records are: Roger Williams University; Ferland Corporation; Textron Corporation; and Swarovski North America (hereinafter collectively referred to as "Subpoenas").

On June 26, 2008, Plaintiff filed a Motion to Quash the Subpoenas. (*See* Docket No. 7). As will be detailed below, Plaintiff's Motion to Quash should be denied.

## II. ARGUMENT AND CITATION OF AUTHORITY

The "quashing of a subpoena is an extraordinary measure" which is "usually inappropriate absent extraordinary circumstances." Flanagan v. Wyndham International, Inc., 231 F.R.D. 98, 102 (D. D.C. 2005); see also, Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979). In that regard, the Federal Rules of Civil Procedure mandate that a party seeking to quash a subpoena has the heavy burden of demonstrating that the information and/or documentation sought is privileged or protected, or subjects a person and/or entity to an undue burden. Fed.R.Civ.Pro. 45(c)(3). Plaintiff fails to meet this burden.

As an initial matter, Plaintiff does not even attempt to argue in the context of her Motion to Quash that the information and/or documentation requested by the Subpoenas is privileged or protected, or somehow subjects her to an undue burden, nor can she do so. First, Plaintiff does not and cannot argue that her employment records from her former employers are privileged. In that regard, the term "privilege" refers to protections afforded by the rules of evidence. Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 555 (N.D. Ga. 2001). These include such

privileges as the attorney-client privilege and the spousal privilege, none of which are applicable in the instant case. Second, even if Plaintiff were to argue that her employment records from her former employers were protected in that they were purportedly private or confidential, which she does not, courts have held that when a plaintiff brings a claim for discrimination and seeks damages for emotional distress (as Plaintiff does in the instant case), the plaintiff waives her privacy interests with respect to the documents maintained by her current and previous employers. Brady v. Central Indiana Regional Blood Center, Inc., 1999 WL 33912610, *1 (N.D. Ind. October 6, 1999)(denying the plaintiff's motion to quash non-party subpoenas to her former employers in a case where the plaintiff alleged sexual harassment and retaliation pursuant to Title VII and sought compensatory damages for emotional distress in connection therewith); see also, Bottomly v. Leucadia Nat'l., 163 F.R.D. 617, 619 (D. Utah 1995)(plaintiff, by putting her psychological and emotional condition at issue, waives privacy claims as to those mater related to causation and damages as to her claims). Finally, Plaintiff does not even attempt to argue that it would somehow be an undue burden for her to produce the requested documents. Moreover, it would be nonsensical for Plaintiff to do so, given that the Subpoenas are directed to nonparties and thus require no action on the part of Plaintiff, at all.

Instead, in support of her Motion to Quash, Plaintiff contends that "Defendnats [*sic*] have no basis for obtaining these records" and that she believes the issuance of the Subpoenas to be "purely a fishing expedition." (See Docket No. 7). Plaintiff further asserts that "[u]nder the Federal Rules, a party is entitled to records that are relevant, material, not overly broad, not unduly burdensome, and are reasonably calculated to lead to the discovery of admissible evidence" and that "these subpoenas fail to satisfy each of these elements." (See Docket No. 7).

In an apparent attempt to support this proposition, Plaintiff then proceeds to make weak

and conclusory statements which are wholly unsupported by any citations to statutes, rules, and/or case law. (See Docket No. 7). More specifically, Plaintiff contends that the requested documents "are too old to be of any value," that the portion of the subpoena which relates to any medical and/or workers' compensation file of Plaintiff maintained by the former employers "would be prejudicial and overly broad to defend a sexual harassment/discrimination lawsuit," and that "to obtain records from past employers that would have no bearing on prosecuting or defending the case should not be allowed." Id. Plaintiff's arguments fail.

First, Plaintiff's conclusory statement that her former employment records are "too old to be of any value," is simply her opinion. It is not for Plaintiff to determine what is or is not "of value" to Defendants' defense of the instant case and Defendants have the right to review such documents to determine their "value." See generally, Richmond v. UPS Serv. Parts Logistics, 2002 WL 745588, at *4 (S.D. Ind. April 25, 2002) (holding that defendant is entitled to job applications, résumés, evaluations, reviews, appraisals, reprimands, and disciplinary documents from previous employer of plaintiff alleging disability discrimination). Next, Plaintiff's assertion that the portion of the subpoena which relates to any medical and/or workers' compensation file of Plaintiff maintained by the former employers "would be prejudicial and overly broad to defend a sexual harassment/discrimination lawsuit" is also baseless. As an initial matter, Plaintiff completely fails to argue how or why this is purportedly the case. Moreover, Plaintiff's contention that the files are somehow "prejudicial" to Plaintiff is nonsensical, especially given that Plaintiff has asserted a claim for "Infliction of Emotional Distress," and has further conceded that "Defendants would be entitled to medical records of Plaintiff obtained from physician [*sic*] or mental health records if those records are necessary for damages." (See Docket No. 7). Finally, Plaintiff's unsupported contention that "to obtain records from past

employers that would have no bearing on prosecuting or defending the case should not be allowed" is wholly without merit. Plaintiff cannot demonstrate that the records from Plaintiff's past employers would "have no bearing on prosecuting or defending the case," nor can she do so.

In reality, Defendants are entitled to Plaintiff's employment records maintained by her former employers. It is widely recognized that the Federal Rules of Civil Procedure contemplate "open and generous discovery." McCarron v. J.P. Morgan Securities, Inc., 2008 WL 2066940 *2 (D. Mass. May 14, 2008); see also, Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385 (1947) ("[T]he deposition-discovery rules are to be accorded a broad and liberal treatment.") In that regard, the Federal Rules of Civil Procedure authorize the discovery of relevant information, which "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Pro. 26(b)(1). In addition, "relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984). The documentation sought by Defendants falls squarely within the scope of Rule 26 of the Federal Rules of Civil Procedure.

Contrary to Plaintiff's asserting, in the instant case, Defendants served the Subpoenas at issue seeking to obtain documentation from Plaintiff's prior employers which is relevant to Plaintiff's claims and to Defendants' defenses. Courts have regularly recognized that a plaintiff's employment records from former employers are relevant and discoverable. See Maxwell v. Health Ctr. of Lake City, Inc., Case No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020, at *4 (M.D. Fla. June 6, 2006) (holding that "evidence relating to potential prior complaints of discrimination, harassment or allegations could be relevant and possibly

admissible"); Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 24 (D.D.C. 2005) ("Discovery of plaintiff's employment records from her other employers is reasonably calculated to lead to admissible evidence … regarding plaintiff's duties and responsibilities at her previous positions.").

Defendants are entitled to know if Plaintiff's employment history contains evidence of complaints and/or grievances lodged against former employers which are similar to those made by Plaintiff against Defendants in the instant case. In that regard, if Plaintiff has previously filed frivolous claims, such information could weigh on her credibility and may even "be so compelling as to warrant its use at trial." See Graham v. Casey's General Stores, 206 F.R.D. 251, 255 (S.D. Ind. 2002); see also, Gastineau v. Fleet Mortgage Corp., 137 F.3d. 490, 495-496 (7th Cir. 1998)(holding in sexual harassment case that evidence that the plaintiff brought claims against her former employers was admissible to show the plaintiff's motive, state of mind, credibility, modus operandi, and to cast doubt on the plaintiff's claim for emotional damages). In addition, Defendants are entitled to know if Plaintiff was truthful with respect to the information she provided to Defendant Wolverine about her work history and work experience when she applied for employment with Defendant Wolverine. Such documentation, including but not limited to any résumés, application forms, reference forms, background forms, performance reviews, and disciplinary documents, could also weigh on her credibility and could further provide information relevant to Defendants' after-acquired evidence defense. See generally, McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 360-363, 115 S.Ct. 897 (1995).

In addition, given that Plaintiff has asserted a claim of Infliction of Emotional Distress, in the instant case, Defendants are entitled to obtain documentation from former employers which

may provide evidence relevant to such a claim and to her potential damages, including but not limited to the medical files and/or workers' compensation files pertaining to Plaintiff which are maintained by her former employers. Finally, given that Plaintiff alleges in the instant lawsuit that her ability to perform her job duties with Defendant Wolverine was compromised by the purported actions of Defendant Quinn, Defendants are entitled to documentation from Plaintiff's former employers which relate to her job skills, training and abilities, as such documents could again be probative as to Plaintiff's credibility.[1]

Given Plaintiff's failure to provide any support for her Motion to Quash, as well as the fact that Plaintiff's employment records from her former employers are relevant to the instant case, Plaintiff's Motion to Quash should be denied.

## III. CONCLUSION

For the reasons detailed herein, Defendants respectfully submit that Plaintiff's Motion to Quash should be denied. No oral argument is requested by Defendants.

Respectfully submitted this 14th day of July, 2008.

/s/ Suzanne E. Deddish, Esq.
**MARTENSON, HASBROUCK & SIMON LLP**
Patricia E. Simon, Esq.
Georgia Bar No. 618233
Suzanne E. Deddish, Esq.
Georgia Bar No. 215645
3379 Peachtree Road, N.E.
Suite 400
Atlanta, Georgia 30326
(404)-909-8100
(404)-909-8120 (facsimile)
E-mails: pesimon@martensonlaw.com
sededdish@martensonlaw.com

-and-

[1] In that regard, it is noteworthy that Plaintiff in the instant case is believed to have had difficulties in dealing with her former supervisor while employed by Swarovski North America.

/s/ Joseph D. Whelan, Esq.
**HINCKLEY ALLEN & SNYDER LLP**
Joseph D. Whelan, Esq.
Rhode Island Bar No. 5694
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903-2319
(401) 274-2000
(401) 277-9600 (facsimile)
E-mail: jwhelen@haslaw.com

***Attorneys for Defendants***

**CERTIFICATION OF SERVICE**

**To:**

Bruce P. Gladstein, Esq.
750 East Avenue
Pawtucket, RI 02860

I hereby certify that on July 14, 2008, a true and correct copy of Defendants' Objection/Response in Opposition to Plaintiff's Motion to Quash Subpoenas was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may further access this filing through the Court's CM/ECF system.

**MARTENSON, HASBROUCK & SIMON LLP**

/s/ Suzanne E. Deddish, Esq.
Suzanne E. Deddish, Esq.