UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TERRY STANCIL,<br>Plaintiff,<br><br>v.<br><br>WOLVERINE JOINING TECHNOLOGIES, LLC, a/k/a WJT, LLC, WOLVERINE TECHNOLOGIES INC., and KEVIN QUINN, Alias, Individually and in his capacity as Manager,<br>Defendants. | : | CA 08-114 ML |

**ORDER**
**DENYING MOTION**
**TO QUASH SUBPOENAS**

Before the Court is Plaintiff’s Motion to Quash (Doc. #7) (“Motion”). The Motion seeks to quash subpoenas served upon the keeper of records for Roger Williams University, Ferland Corporation, Textron Corporation, YMCA of Pawtucket, and Swarovski North America Limited. A hearing was conducted on July 22, 2008.

The Federal Rules of Civil Procedure contemplate open and generous discovery. McCarron v. J.P. Morgan Secs., Inc., Civil Action No. 07-10786-RGS, 2008 WL 2066940, at *2 (D. Mass. May 14, 2008). A party may obtain discovery regarding any matter not privileged that is relevant to the claim or defense of any party or which appears reasonably calculated to lead to the discovery of admissible evidence. Flanagan v. Wyndham Int’l Inc., 231 F.R.D. 98, 102 (D.D.C. 2005)(citing Fed. R. Civ. P. 26(b)(1)).

Discovery of Plaintiff's employment records from other employers is, in the circumstances of this case, reasonably calculated to lead to admissible evidence. See Washington v. Thurgood Marshall Acad., 230 F.R.D. 18, 24 (D.D.C. 2005).

Accordingly, the Motion is **DENIED**. However, the subpoenas seek production of Plaintiff's entire personnel file, and such files may also contain irrelevant and private information. Cf., Richmond v. UPS Serv. Parts Logistics, No. IP01-1412-C-K/H, 2002 WL 745588, at *4 (S.D. Ind. Apr. 25, 2002)(finding defendant's request to obtain plaintiff's entire personnel file overbroad). Therefore, in keeping with this Court's practice regarding personnel files, **the parties on whom the subpoenas have been served are to be instructed by Defendant that they are to produce the subpoenaed records directly to this Court and to the attention of this Magistrate Judge.** The Court will then conduct an *in camera* review of the documents and determine whether any document(s) shall be withheld from Defendants. Before the documents are released to Defendants' counsel, Plaintiff's counsel will be given an opportunity to review the documents which are being released to Defendants' counsel and also any document which is not being released.

As to any documents which may have already been produced (or which may be produced in the future) directly to Defendants' counsel as a result of the subpoenas, Defendants' counsel is

instructed not to copy or further review such documents,[1] but to send them to the Court (to the attention of this Magistrate Judge) so that the *in camera* review described above may be conducted.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 22, 2008

[1] At the July 22, 2008, hearing on the Motion, Defendants' counsel advised the Court that she had received documents from the YMCA and Textron Corporation and had briefly reviewed some of the documents. The Court instructed Defendants' counsel not to review the documents further, but to send them to the court for the *in camera* review.